IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONALD WORDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 2:05-CV-404 |
| | ) |
| TCF BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION & ORDER

This matter is before the Court on the: (1) Complaint Under the Civil Rights Act, 42 U.S.C. § 1983; and (2) Application to Proceed Without Prepayment of Fees and Affidavit, both filed by Plaintiff, Ronald Woods, on November 9, 2005. For the reasons set forth below, Plaintiff's IFP petition is **DENIED** and his Complaint is **DISMISSED** pursuant to 28 U.S.C. section 1915(e)(2)(B)(i) and (ii).

In his pro se Complaint, Plaintiff names three defendants: (1) TCF Bank; (2) Tony Schumer, a TCF Bank supervisor; and Camella, a TCF Bank customer service representative. Plaintiff alleges that "their actions expose me to people who intent to entrap or kill me . . . ." (Compl., p. 6.)  He claims TCF Bank is "collaborating with two phone companies," (Compl., p.7), and that "TCF Bank was represented in a collaboration of corporations blocking my telemarketing calls with the head of SBC/AT&T who was misusing the forwarding on 6/6/05."  (Compl.,

p. 11.)

Plaintiff's Complaint is full of unbelievable facts.  For example, Plaintiff alleges that "[o]n 6-6[-05] when my call was being blocked I had notified the authorities of what they threatened to do.  During the situation either someone faked being the President of the U.S. for this or he actually got word of this day and awarded me money through the Better Business Bureau."  (Compl., p. 8.)

Plaintiff claims that while speaking to customer service at TCF Bank on June 6, 2005, he was transferred to Tony.  "Tony announced himself as the U.S. Chief Justice.  In my news he was in the middle of an inauthorization [sic] process and was replaced by John Roberts.  He is prone to be lying about several things but most importantly for some reason he shows a negative respect to my phone service by asking "what dead phone number did you call from."  (Compl., p. 12-13.)

Plaintiff apparently records some of his conversations and phone calls, but, "[t]he recorder stops occasionally and the head of SBC threatened to tamper with every recorder in my vicinity a long time ago.  I used both an analog and digital recorder.  I did check and notice that something made it to one and not the other but I can't prove it now because the conversation got wiped of[f] the digital completely due to the problems in my apartment complex."  (Compl., p. 8.)

The Complaint further provides:

> What I left out while talking to the individuals
> about the call on 9-1[-05] is that during the

-2-

> call several individuals interrupted the call and began to talk to me about things of their choice. For the most part I refused to talk to them and was upset that they were invading my privacy. Someone claiming to be the bank president told me that he had changed my records himself and would prove it by messing them up some more when I passed him in the Jewel, because he knew that I had to get help from my family to eat because of the fraud on both their and [Devry University's] part. I went to Jewel that night and there was a guy at the bank [branch located in the grocery store who was] keying things into the computer. As a result they also prematurely added a bunch of NSF charges to my check systems report per Centier Bank on US 30 and Pine Island in Crown Point or Scherrerville [sic], IN. They denied me a new account for this reason [and] someone also claimed to be a representative of their bank on 6-6-05. They denied me an account in September.

(Compl., p. 9)

Although Plaintiff claims to never been named as a plaintiff in any other similar actions, (Compl., p.2), the record reveals otherwise. In *Words v. DeVry University*, No. 2:05-CV-403 (N.D. Ind.), filed on November 9, 2005, Plaintiff alleged:

> On about 6/6/05 representatives from Devry [University] were on my phone with the head of SBC/AT&T. The President Pete was forwarding all of my calls to his location and had several individuals representing several services that I use present. This happened when I was about to do some telemarketing on my new business line. Some of th individuals followed me to a club the previous weekend and told me what was going to happen so I alerted the authorities. One of his plans was to murder me and purchase my 8 year old daughter to molest and abuse her.

(Compl. Case No. 2:05-CV-403, p. 7.)

The Seventh Circuit has taught that cases may be dismissed

pursuant to 28 U.S.C. section 1915(e)(2)(B) for being factually frivolous.  *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773 (7th Cir. 2002).  In *Gladney*, the court of appeals noted that a suit can be dismissed "because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."  *Id*. at 774.  Based upon this legal framework, Judge Simon dismissed Plaintiff's Complaint in Case No. 2:05-CV-403.

Upon review of the Complaint, the factual assertions are incredible.  Therefore, dismissal is appropriate in this instance.

**DATED:  November 23, 2005**             /s/RUDY LOZANO, Judge
                                          **United States District Court**